UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| TREASURE ISLES HC, INC., et al | CASE NO. 10-50304 |
| DEBTORS | JOINTLY ADMINISTERED |

**APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT
OF DUANE MORRIS LLC AS SPECIAL COUNSEL FOR DEBTOR
TREASURE ISLES, INC. *NUNC PRO TUNC* TO THE PETITION DATE**

Comes Treasure Isles, Inc. ("Treasure Isles" or the "Debtor"), as one of the jointly administered Debtors, by counsel, and pursuant to 11 U.S.C. §§ 327(e), 328, and 330, respectfully requests the entry of an order authorizing the Debtor to employ Duane Morris LLC ("Duane Morris") as Special Counsel, *nunc pro tunc* to the Petition Date, to advise and assist the Debtor in connection with issues involving franchise law and Debtor's franchise relationships, and any other specific matters in connection therewith, including but not limited to negotiations regarding same, claims review and investigation, and potential litigation. In support of this Application, the Debtor submits the Affidavit of Wayne A. Mack (the "Affidavit"), proposed Special Counsel, attached hereto as Exhibit A, and further states:

**JURISDICTION AND VENUE**

1. On February 1, 2010 (the "Petition Date"), the jointly administered Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C.§§ 101, *et seq.* (the "Bankruptcy Code"). The Debtors are operating their businesses as debtors and debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. This Court has jurisdiction over these jointly administered Chapter 11 cases under 28 U.S.C. §§ 157 and 1334. These matters constitute core proceedings under 28 U.S.C. § 157(b)(2)(A).

3. The Debtors maintain their principal places of business in Fayette County, Kentucky. Accordingly, venue for the Debtors' Chapter 11 cases is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4. No trustee or examiner has been appointed in these Chapter 11 cases, and no creditors' committee or other official committee has been appointed.

## BACKGROUND

5. The Debtors operate as three entities: Treasure Isles HC, Inc. ("HC"), Treasure Isles, and Pasta Isles, Inc. ("PI").

**Treasure Isles**

6. Treasure Isles is party to a franchise agreement with Long John Silver's, Inc. ("LJS, Inc."), pursuant to which it operates 26 Long John Silver's restaurants in Illinois. The Long John Silver's restaurants are a commonly known fast-food restaurant chain offering food products such as fish, seafood, chicken and related items. Treasure Isles currently employs approximately 355 employees (317 hourly and 38 salaried) in its operations.

7. Treasure Isles, through its predecessor Terry Properties, Inc., opened its first Long John Silver's restaurant in 1972 and has a long history of excellent operations, winning the highest awards within the franchise grading systems for its cleanliness, hospitality, and other overall operational considerations. Treasure Isles has been one of the largest Long John Silver's franchisees in the United States.

8. Since 1999, Treasure Isles has also opened and operated a total of seven A&W/Long John Silver's "co-branded" restaurants (the "Co-Branded L/A Restaurants") in Illinois. Treasure Isles has separate franchise agreements with LJS, Inc. and A&W Restaurants, Inc. ("A&W, Inc.") for the co-branded stores.

**Pasta Isles**

9. Pasta Isles is party to a franchise agreement with Fazoli's, Inc. ("Fazoli's"), pursuant to which it operates four Fazoli's restaurants in Virginia. Fazoli's restaurants are well-known franchised concept restaurants offering Italian related food products such as pizza, pastas and salads. Pasta Isles employs approximately 85 employees (77 hourly and 8 salaried) in its operations.

**HC**

10. HC is the parent and holding company of Treasure Isles and Pasta Isles and maintains management responsibilities for both entities. HC receives an income from Treasure Isles and Pasta Isles in consideration for its management duties. Treasure Isles provides 80 percent of HC's income and Pasta Isles provides 20 percent of HC's income. HC employs seven salaried employees in its central offices located at 407 N. Broadway in Lexington, Kentucky and four employees who work from their homes in Illinois.

11. While both Treasure Isles and Pasta Isles have experienced some strain on operations as a result of the general economy, the primary reason for the Chapter 11 filing is the January 6, 2010 written default notice received by Treasure Isles from LJS, Inc. and A&W, Inc., along with the accompanying threat of termination of the franchise agreements unless an alleged payment default was immediately cured. Lacking the financial wherewithal to make an immediate and full cure and being unable to agree to the demands for a full release of potential

claims against it, the Debtors felt they had no other choice than to file, as losing their franchises is not a viable option and would be devastating to all constituencies.

## RELIEF REQUESTED

12. Treasure Isles desires to retain and employ Duane Morris as Special Counsel to advise and assist it in connection with its franchise relationships and all matters related thereto. The Debtor believes that Duane Morris is well qualified and able to perform the legal services described herein.

13. Since the fall of 2009, Duane Morris has served as counsel to Treasure Isles to advise and assist it in connection with various franchise-related matters involving A&W, Inc., LJS, Inc., and YUM! Brands, Inc. ("YUM!") regarding issues of federal and state franchise and contract law.

14. Duane Morris has stated its willingness and desire to render the necessary professional services as Special Counsel for the Debtor in accordance with the terms set forth herein, subject to approval of its employment by the Court and approval of acceptable "carve-out" arrangements for payment of its allowed fees and expenses.

15. To the best of the Debtor's information, knowledge, and belief, Duane Morris' continued representation of the Debtor in connection with the matters described herein will not be adverse to the interests of the Debtor's creditors in these Chapter 11 proceedings, except as set forth herein and in the Affidavit of Wayne A. Mack attached hereto as Exhibit A (the "Affidavit"). Duane Morris' anticipated work for the Debtor should inure to the benefit of all creditors and other interest holders in the estate except LJS, Inc., A&W, Inc., and YUM!, as Duane Morris will be seeking to resolve claims by and against those companies on behalf of the Estates. To the best of Debtor's information, knowledge and belief, Duane Morris does not have

any connection with the Debtor, its creditors, or any other party holding an interest adverse to the interest of the Debtor, or its respective members, except as may be set forth herein and in the Affidavit.

16. The Debtor currently owes an outstanding balance of approximately $31,280.08 (the "Claim") to Duane Morris for services rendered prepetition in connection with the issues described herein. Duane Morris intends to seek allowance of the Claim as an allowed prepetition unsecured claim, and further, to apply to this Court for allowance of compensation and reimbursement of expenses incurred postpetition, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court. The cash collateral budget for which the jointly administered Debtors will seek final approval will propose weekly "carve-out" payments of an amount to be determined, subject to further Final Cash Collateral Orders, payable into Duane Morris' escrow account to be held pending further orders of the Court.

17. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of this Court, Duane Morris proposes to charge its customary hourly rates for its services, which may be increased in the ordinary course of business from time to time during the pendency of this case.

WHEREFORE, the Debtor Treasure Isles requests entry of an Order:

1. Approving the Debtor's retention of Duane Morris as Special Counsel to advise and assist the Debtor in connection with potential claims by and against various parties under the Debtor's franchise relationships and contracts and any other matters in connection therewith, pursuant to the terms set forth herein, effective *nunc pro tunc* to the Petition Date.

2.     Subject to entry of a Final Cash Collateral Order, authorizing and directing the Debtor to deposit the approved payments in to Duane Morris' escrow account, to be held for its allowed fees and expenses pending further orders of the Court, and further ordering that Duane Morris holds a prior perfected security interest in said funds in its escrow account to secure payment of such fees and expenses as may be ultimately allowed by the Court.

3.     Granting the Debtor such other relief as is just and proper.

## NOTICE

Please take notice that a hearing on this Application shall be held on March 2, 2010 at 9:00 a.m. or as soon thereafter as counsel may be heard, in the United States Bankruptcy Court for the Eastern District of Kentucky, 100 E. Vine Street, Second Floor, Lexington, Kentucky. Any objections should be properly noticed for hearing and filed within twenty-one (21) days of the date of service of this pleading.

Respectfully submitted,

WISE DELCOTTO PLLC

/s/ Laura Day DelCotto, Esq.
Allison Fridy Arbuckle, Esq.
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
ldelcotto@wisedel.com
aarbuckle@wisedel.com
COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION
(UNDER PENDING APPLICATION)

## **CERTIFICATE OF SERVICE**

      In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing will be served by first class mail, postage prepaid, or electronic mail, upon the parties listed on the Master Service List [Doc No. 38] on February 8, 2010.

                                  /s/ Laura Day DelCotto, Esq.
                                  COUNSEL FOR DEBTORS AND
                                  DEBTORS IN POSSESSION
                                  (UNDER PENDING APPLICATION)

Z:\Clients\Treasure Isles, Inc\Pleadings\Employ DM Application 20100208.doc

# Exhibit A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| TREASURE ISLES HC, INC., et al | CASE NO. 10-50304 |
| DEBTORS | JOINTLY ADMINISTERED |

### AFFIDAVIT OF WAYNE A. MACK

Wayne A. Mack, Esq. (the "Affiant"), being duly sworn, deposes and says:

1. I am an attorney at law and am employed by the law firm of Duane Morris LLC (the "Firm" or "Duane Morris"). The Firm maintains offices for the practice of law in 24 cities in the United States, Europe, and Asia.

2. I am familiar with the matters set forth herein and make this Affidavit in support of the Debtor's *Application for Order Authorizing the Employment of Duane Morris LLC as Special Counsel for Debtor Treasure Isles, Inc.* Nunc Pro Tunc *to the Petition Date* (the "Application").

3. Affiant is duly admitted to practice before all courts of the Commonwealth of Pennsylvania, the United States District Court for the Eastern District of Pennsylvania, the United States Courts of Appeals for the Third and Fourth Circuits, and the Supreme Court of the United States of America.

4. Duane Morris was retained in September, 2009 as counsel to advise and assist Treasure Isles, Inc. (the "Debtor") in connection with potential litigation with Long John Silver's, Inc. ("LJS, Inc."), A&W Restaurants, Inc. ("A&W, Inc."), and YUM! Brands, Inc. ("YUM!") regarding issues of state and federal franchise and contract law (the "YUM!

Dispute"). For more information on the YUM! Dispute, see the Affidavit of Frank D. Cain in Support of Chapter 11 Petitions filed in the above-captioned proceedings [Doc. No. 18].

5. The Debtor has requested that Duane Morris continue to advise and assist the Debtor as its Special Counsel by maintaining its current role in connection with the matters described in Paragraph 4 above, and any other specific matters in connection therewith.

6. Duane Morris' anticipated work for the Debtor should inure to the benefit of all creditors and other interest holders in the Estate except for LJS, Inc., A&W, Inc., and YUM!, as the Firm will be investigating and handling claims against these companies on behalf of the Estates.

7. Duane Morris does not have any connection with the Debtor, its creditors, or any other party holding an interest adverse to the interests of the Debtor, except as set forth herein and in the list of clients that are represented by the Firm in other matters unrelated to the Debtor as set forth in the <u>Exhibit</u> attached hereto. However, Duane Morris makes no representation as to any connection it may have with any of the many customers of the Debtor, as no definitive list of those customers has been reviewed.

8. Duane Morris represents no interest adverse to the Debtor or its Estate with respect to the matters upon which Duane Morris is to be employed. The Firm is currently representing the Debtor with respect to the matters described herein and there has been no suggestion that the Firm represents any interests adverse to the Debtor in connection with these matters.

9. The Debtor has a sufficient number of creditors and other interest holders, and Duane Morris is of sufficient size that Duane Morris currently has, and likely will continue to develop, client relationships with persons or entities that are creditors or other interest holders of

2

the Estate. The Firm anticipates continuing to represent those current and future clients in matters that are not directly adverse to the Debtor. However, Duane Morris does not and will not represent any other person or entity in a matter directly adverse to the interests of the Debtor and does not, and will not, perform services for any claimants or parties in interest in connection with these Chapter 11 cases.

10. The attorneys in the Firm have extensive experience in franchise and state fraud law, as well as in general corporate and contract law. The Firm is well qualified to represent the Debtor herein and is willing to accept employment on the basis set forth in the Application to which this Affidavit is attached.

11. The Firm has consented to continue to provide the legal services described herein at its regular hourly rates. The Firm's current hourly rates range from $250.00 to $800.00 per hour for attorneys and $125.00 to $285.00 per hour for paralegals, which rates are adjusted periodically. The Firm charges normal and reasonable charges for expenses such as copying, facsimiles, mileage, postage, etc., for which it intends to seek reimbursement.

12. The Debtor currently owes an outstanding balance of $31,280.08 (the "Balance") to Duane Morris for services rendered prepetition. Duane Morris intends to assert that said amount is an allowed unsecured claim, and in addition, to apply to this Court for allowance of compensation and reimbursement of expenses for postpetition services in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of the Bankruptcy Court for the Eastern District of Kentucky.

13. No promises have been received by the Firm or any attorney thereof as to payment or compensation in connection with this case other than in accordance with the

provisions of Chapter 11 of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm.

Further, the Affiant sayeth naught.

_____
Affiant

COMMONWEALTH OF PENNYSLVANIA    )
                                )
COUNTY OF Philadelphia          )

The foregoing was acknowledged, subscribed, and sworn to before me by Wayne A. Mack on this the ___ day of February, 2010.

My commission expires:

NOTARIAL SEAL
MARGARET M BILOTTA
Notary Public
PHILADELPHIA CITY, PHILADELPHIA CNTY
My Commission Expires Oct 25, 2013

_____
Notary Public, State at Large

Z:\Clients\Treasure Isles, Inc\Pleadings\Employ DM Affidavit 20100205.doc

4

## **EXHIBIT TO AFFIDAVIT OF WAYNE A. MACK**

ARAMARK
AT&T
Comcast Corp.
GE Capital
Lamar Companies
McLane Company, Inc.
Principal Financial Group
SimplexGrinnell LP
Surveillance and Fire Equipment Ltd.
Veolia Environment
Verizon