UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| TREASURE ISLES HC, INC., et al | CASE NO. 10-50304 |
| DEBTORS | JOINTLY ADMINISTERED |

**APPLICATION OF DEBTORS FOR AN ORDER AUTHORIZING THE
EMPLOYMENT OF GRAYDON HEAD & RITCHEY LLP AS SPECIAL COUNSEL
FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Come Treasure Isles HC, Inc. ("HC"), Treasure Isles, Inc. ("Treasure Isles"), and Pasta Isles, Inc. ("Pasta Isles," and together with HC and Treasure Isles, the "Debtors"), by counsel, and pursuant to 11 U.S.C. §§ 327(e), 328 and 330, respectfully request the entry of an order authorizing the Debtors to employ Graydon Head & Ritchey LLP ("Graydon Head") as Special Counsel, *nunc pro tunc* to the Petition Date, to advise and assist the Debtors in connection with their Employee Stock Ownership Plan (the "ESOP" or the "Plan") and any other specific matters in connection therewith. In support of this Application, the Debtors submit the Affidavit of Henry G. Alexander, Jr. (the "Affidavit"), proposed Special Counsel, attached hereto as Exhibit A, and further state:

## JURISDICTION AND VENUE

1.    On February 1, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtors are operating their businesses as debtors and debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. This Court has jurisdiction over these Chapter 11 cases under 28 U.S.C. §§ 157 and 1334. These matters constitute core proceedings under 28 U.S.C. § 157(b)(2)(A).

3. The Debtors maintain their principal places of business in Fayette County, Kentucky. Accordingly, venue for the Debtors' Chapter 11 cases is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4. No trustee or examiner has been appointed in these Chapter 11 cases, and no creditors' committee or other official committee has been appointed.

## BACKGROUND

5. The Debtors operate as three entities: HC, Treasure Isles and Pasta Isles.

**Treasure Isles**

6. Treasure Isles is party to a franchise agreement with Long John Silver's, Inc. ("LJS, Inc."), pursuant to which it operates 26 Long John Silver's restaurants in Illinois. The Long John Silver's restaurants are a commonly known fast-food restaurant chain offering food products such as fish, seafood, chicken and related items. Treasure Isles currently employs approximately 355 employees (317 hourly and 38 salaried) in its operations.

7. Treasure Isles, through its predecessor Terry Properties, Inc., opened its first Long John Silver's restaurant in 1972 and has a long history of excellent operations, winning the highest awards within the franchise grading systems for its cleanliness, hospitality, and other overall operational considerations. Treasure Isles has been one of the largest Long John Silver's franchisees in the United States.

8. Since 1999, Treasure Isles has also opened and operated a total of seven A&W/Long John Silver's "co-branded" restaurants (the "Co-Branded L/A Restaurants") in

2

Illinois. Treasure Isles has separate franchise agreements with LJS, Inc. and A&W Restaurants, Inc. ("A&W, Inc.") for the co-branded stores.

### Pasta Isles

9. Pasta Isles is party to a franchise agreement with Fazoli's, Inc. ("Fazoli's"), pursuant to which it operates four Fazoli's restaurants in Virginia. Fazoli's restaurants are well-known franchised concept restaurants offering Italian related food products such as pizza, pastas and salads. Pasta Isles employs approximately 85 employees (77 hourly and 8 salaried) in its operations.

### HC

10. HC is the parent and holding company of Treasure Isles and Pasta Isles and maintains management responsibilities for both entities. HC receives an income from Treasure Isles and Pasta Isles in consideration for its management duties. Treasure Isles provides 80 percent of HC's income and Pasta Isles provides 20 percent of HC's income. HC employs seven salaried employees in its central offices located at 407 N. Broadway in Lexington, Kentucky and four employees who work from their homes in Illinois.

11. While both Treasure Isles and Pasta Isles have experienced some strain on operations as a result of the general economy, the primary reason for the Chapter 11 filing is the January 6, 2010 written default notice from LJS, Inc. and A&W, Inc. received by Treasure Isles, along with the accompanying threat of termination of the franchise agreements unless an alleged payment default was immediately cured. Lacking the financial wherewithal to make an immediate and full cure and being unable to agree to the demands for a full release of potential claims against it, the Debtors felt they had no other choice than to file, as losing their franchises is not a viable option and would be devastating to all constituencies.

## RELIEF REQUESTED

12. The Debtors desire to retain and employ Graydon Head as Special Counsel to advise and assist the Debtors in connection with their ESOP and any other specific matters in connection therewith. The Debtors believe that Graydon Head is well qualified and able to perform the legal services described herein.

13. Graydon Head was first retained in 1988 as counsel to advise Treasure Isles in connection with the formation, adoption, and administration of its ESOP. Subsequently, Graydon Head was engaged to advise Pasta Isles and HC with respect to the ESOP after such entities were legally formed and had adopted the Plan as participating employers.

14. Graydon Head has stated its willingness and desire to render the necessary professional services as Special Counsel for the Debtors in accordance with the terms set forth herein, subject to approval of its employment by the Court and approval of acceptable "carve-out" arrangements for payment of its allowed fees and expenses.

15. To the best of the Debtors' information, knowledge, and belief, Graydon Head's continued representation of the Debtors in connection with the matters described above will not be adverse to the interests of the Debtors' creditors in these Chapter 11 proceedings. Graydon Head's anticipated work for the Debtors should inure to the benefit of all creditors and other interest holders on behalf of the Estates. To the best of Debtors' information, knowledge and belief, Graydon Head does not have any connection with the Debtors, its creditors or any other party holding an interest adverse to the interest of the Debtors or their respective members.

16. The Debtors currently owe an outstanding prepetition balance of approximately $3,500.00 (the "Prepetition Balance") to Graydon Head for services rendered prepetition in connection with the issues described herein. Graydon Head intends to assert said Prepetition

4

Balance as an allowed unsecured claim, as permitted by 11 U.S.C. § 327(e), as well as to apply for allowance of compensation and expenses incurred postpetition, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court. The cash collateral budget for which the Debtors will seek final approval will propose weekly "carve-out" payments of an amount to be determined, subject to further Final Cash Collateral Orders, payable into Graydon Head's escrow account to be held pending further orders of the Court.

17. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court, Graydon Head proposes to charge its customary hourly rates for its services, which may be increased in the ordinary course of business from time to time during the pendency of this case.

WHEREFORE, the Debtors request entry of an Order:

1. Approving the Debtors' retention of Graydon Head as their Special Counsel to advise and assist the Debtors in connection with ESOP matters and issues, pursuant to the terms set forth herein, effective *nunc pro tunc* to the Petition Date;

2. Subject to entry of a Final Cash Collateral Order, authorizing and directing the Debtors to deposit the approved payments in to Graydon Head's escrow account, to be held for its allowed fees and expenses pending further orders of the Court, and further ordering that Graydon Head holds a prior perfected security interest in said funds in its escrow account to secure payment of such fees and expenses as may be ultimately allowed by the Court; and

3. Granting the Debtors such other relief as is just and proper.

## NOTICE

Please take notice that a hearing for approval of this Application shall be held on March 2, 2010 at 9:00 a.m. or as soon thereafter as counsel may be heard, in the United States Bankruptcy Court, Eastern District of Kentucky, 100 E. Vine Street, Second Floor, Lexington, Kentucky. Any objection should be filed within twenty-one (21) days of the date of service of this pleading.

    Respectfully submitted,

    WISE DELCOTTO PLLC

    /s/ Laura Day DelCotto, Esq.
    Allison Fridy Arbuckle, Esq.
    200 North Upper Street
    Lexington, KY 40507
    Telephone: (859) 231-5800
    Facsimile: (859) 281-1179
    ldelcotto@wisedel.com
    aarbuckle@wisedel.com
    COUNSEL FOR DEBTORS AND
    DEBTORS IN POSSESSION
    (UNDER PENDING APPLICATION)

## CERTIFICATE OF SERVICE

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing will be served by first class mail, postage prepaid, or electronic mail, upon the parties on the Master Service List [Doc. No. 38] on February 8, 2010.

    /s/ Laura Day DelCotto, Esq.
    COUNSEL FOR DEBTORS AND
    DEBTORS IN POSSESSION
    (UNDER PENDING APPLICATION)

Z:\Clients\Treasure Isles, Inc\Pleadings\Employ GH Application 20100208.doc

# Exhibit A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| TREASURE ISLES HC, INC., et al | CASE NO. 10-50304 |
| DEBTORS | JOINTLY ADMINISTERED |

## AFFIDAVIT OF HENRY G. ALEXANDER, JR.

Henry G. Alexander, Jr. ("Affiant"), being duly sworn, deposes and says:

1. I am an attorney at law, and I am a partner in the law firm of Graydon, Head & Ritchey LLP (the "Firm" or "Graydon Head"). The Firm maintains offices for the practice of law in Cincinnati, Ohio, West Chester, Ohio, and Ft. Mitchell, Kentucky.

2. I am familiar with the matters set forth herein and make this Affidavit in support of the *Application of Debtors for an Order Authorizing the Employment of Graydon Head & Ritchey LLP as Special Counsel for the Debtors* Nunc Pro Tunc *to the Petition Date* (the "Application").

3. I am duly admitted to practice before all courts of the state of Ohio, the United States Tax Court, and the United States District Court for the Southern District of Ohio.

4. Graydon Head was first retained in 1988 as counsel to advise Treasure Isles, Inc. in connection with the formation, adoption, and administration of its Employee Stock Ownership Plan (the "ESOP" or the "Plan"). Subsequently, Graydon Head was engaged to advise Pasta Isles, Inc. and Treasure Isles HC, Inc. (together with Treasure Isles, Inc., the "Debtors") with respect to the ESOP after such entities were legally formed and had adopted the Plan as

participating employers. The Debtors have requested that Graydon Head advise and assist the Debtors as Special Counsel by continuing its current role in connection with the administration of the ESOP under the provisions of the Employee Retirement Income Security Act ("ERISA") and other applicable law.

5. Continued representation of the Debtors by Graydon Head in connection with the matters described in Paragraph 4 above will not be adverse to the interests of the Debtors' creditors in this Chapter 11 proceeding.

6. Graydon Head's anticipated work for the Debtors should inure to the benefit of all of the Debtors' creditors and other interest holders in their Estates, as the continuation of the ESOP is essential to the continued productivity of all of Debtors' employees and, therefore, to the ultimate success of the Debtors' reorganizations.

7. Graydon Head does not have any connection with the Debtors, their creditors, or any other party holding an interest adverse to the interests of the Debtors. However, Graydon Head makes no representation as to any connection it may have with any of the many customers of Debtors, as no definitive list of those customers has been reviewed.

8. Graydon Head represents no interest adverse to the Debtors or their Estates with respect to the matters upon which Graydon Head is to be employed. The Firm is currently representing the Debtors with respect to the matters described herein and there has been no suggestion that the Firm represents any interests adverse to the Debtors in connection with these matters.

9. The Debtors have a sufficient number of creditors and other interest holders, and Graydon Head is of sufficient size that Graydon Head may, at some future point in time, develop client relationships with persons or entities that are creditors or other interest holders of the

Estates. The Firm anticipates that, in the ordinary course of its business, it may agree to represent such persons in matters that are not directly adverse to the Debtors. However, Graydon Head does not and will not represent any other person or entity in a matter directly adverse to the interests of the Debtors and does not, and will not, perform services for any claimants or parties in interest in connection with these Chapter 11 cases.

10. The attorneys in the Firm have extensive experience in the administration of employee stock ownership plans and the related tax implications of such plans, as well as with general corporate and contract law. The Firm is well qualified to represent the Debtors herein and is willing to accept employment on the basis set forth in the Application to which this Affidavit is attached.

11. The Firm has consented to continue to provide the legal services described herein at its regular hourly rates. The Firm's current hourly rates range from $150.00 to $450.00 per hour for attorneys and $75.00 to $150.00 per hour for paralegals, which rates are adjusted periodically. The Firm charges normal and reasonable amounts for expenses such as copying, facsimiles, mileage, postage, etc., for which it intends to seek reimbursement.

12. The Debtors currently owe an outstanding prepetition balance of approximately $3,500.00 (the "Balance") to Graydon Head for services rendered prepetition in connection with the issues described in Paragraph 4 above, which Balance Graydon Head intends to assert as a valid unsecured claim. Graydon Head intends to apply to this Court for allowance of its postpetition compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of the Bankruptcy Court for the Eastern District of Kentucky.

13. No promises have been received by the Firm or any attorney thereof as to payment or compensation in connection with this case, other than in accordance with the provisions of Chapter 11 of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm.

Further, the Affiant sayeth naught.

_____
Affiant

STATE OF OHIO            )
                         )
COUNTY OF Hamilton       )

The foregoing was acknowledged, subscribed, and sworn to before me by Henry G. Alexander, Jr. on this the 8th day of February, 2010.

My commission expires: 7-30-2013

_____
Notary Public, State at Large

Z:\Clients\...\Pleadings\Employ GH Affidavit 20100208.doc

4