ELECTRONIC CITATION: 2011 FED App. 0011P (6th Cir.)
File Name: 11b0011p.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re:<br>　Treasure Isles HC, Inc.,<br><br>　　　　Debtor.<br><br>Cousins Properties, Inc.,<br>　　　Appellant,<br><br>v.<br><br>Treasure Isles HC, Inc., Treasure Isles, Inc., and Pasta Isles, Inc.,<br>　　　Appellees. | No. 10-8075 |

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky
Case No. 10-50304

Argued: August 16, 2011

Decided and Filed: September 29, 2011

Before: FULTON, HARRIS, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

---

## COUNSEL

**ARGUED:** Brian D. Huben, KATTEN MUCHIN ROSENMAN LLP, Los Angeles, California, for Appellant. Laura Day DelCotto, DelCOTTO LAW GROUP PLLC, Lexington, Kentucky, for Appellees. **ON BRIEF:** Brian D. Huben, KATTEN MUCHIN ROSENMAN LLP, Los Angeles, California, Adam R. Kegley, FROST BROWN TODD LLC, Lexington, Kentucky, for Appellant. Laura Day DelCotto, Christina E. Hayne, DelCOTTO LAW GROUP PLLC, Lexington, Kentucky, for Appellees.

## OPINION

THOMAS FULTON, Bankruptcy Appellate Panel Judge. Appellant appeals the bankruptcy court's September 22, 2010 order (the "Appealed Order"), which held that the deadline set forth in 11 U.S.C. § 365(d)(4) for assuming a nonresidential real property lease is satisfied upon the debtor filing a motion to assume the lease. For the reasons that follow, we AFFIRM the Appealed Order.

### I. ISSUES ON APPEAL

Is the deadline set forth in 11 U.S.C. § 365(d)(4) for assuming a nonresidential real property lease satisfied by the filing of a motion to assume the lease or must the court order approving the motion be entered prior to the deadline?

### II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit (the "BAP") has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the BAP.

We must first address whether the Appealed Order is final and appealable by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations and internal quotation marks omitted). "'[T]he concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation.'" *Millers Cove Energy Co. v. Moore (In re Millers Cove Energy Co.)*, 128 F.3d 449, 451 (6th Cir. 1997) (quoting 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3926.2 (2d ed. 1996)). The finality requirement is considered "in a more pragmatic and less technical way in bankruptcy cases than in other

2

situations. In bankruptcy cases, a functional and practical application [of Section 158] is to be the rule." *In re Dow Corning Corp.*, 86 F.3d 482, 488 (6th Cir. 1996) (citations and internal quotation marks omitted). In bankruptcy cases, an order that finally disposes of discrete disputes within a larger case may be appealed immediately. *Id.* This relaxed rule avoids the "waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved." *In re Dow Corning Corp.*, 86 F.3d at 488 (citations and internal quotation marks omitted).

There is case law stating generally that an order addressing the assumption of a lease under 11 U.S.C. § 365(d)(4) is reviewable as a separate and discrete matter in a bankruptcy case. *See Arizona Appetito's Stores, Inc. v. Paradise Village Inv. Co. (In re Arizona Appetito's Stores, Inc.)*, 893 F.2d 216, 218 (9th Cir. 1990) (citing *Turgeon v. Victoria Station Inc. (In re Victoria Station Inc.)*, 840 F.2d 682, 684 (9th Cir. 1988)). Both of those cases, however, involved appellate review of *denial*s of motions to assume as untimely. Thus, absent appellate review, the parties' respective rights regarding their leases were fully resolved–the leases were deemed rejected.

In this case, the bankruptcy court did not address the merits of Appellee's motion to assume the lease in question. It only concluded that Appellee timely assumed the lease for purposes of 11 U.S.C. § 365(d)(4), reserving consideration of the merits of Appellee's proposed assumption, and Appellant's substantive objections thereto, for an as yet undetermined hearing date. Thus, even if we decide in Appellee's favor here, Appellee would still have to persuade the bankruptcy court that it is entitled to assume the lease under the substantive requirements of 11 U.S.C. § 365, including, for example, 11 U.S.C. § 365(b). In that respect, the discrete issue of whether Appellee may assume the lease is not fully resolved, rendering the Appealed Order interlocutory.

An interlocutory order may nevertheless be appealed with leave of court. 28 U.S.C. § 158(a)(3). While Appellant has not sought leave of court by filing a motion, in certain circumstances, we may construe a timely filed notice of appeal as a motion for leave to appeal. *See* Fed. R. Bankr. P. 8003(c); *Simon v. Amir (In re Amir)*, 436 B.R. 1, 8 (B.A.P. 6th Cir. 2010). The

decision to grant leave to appeal is a discretionary one which should be guided and instructed, but not constrained, by the standards set forth in 28 U.S.C. § 1292(b). *Id.* (Panel is not constrained by standards defining Courts of Appeals' jurisdiction over interlocutory orders, but they are instructive). The factors to be considered in determining whether to grant leave to appeal are: (1) the question must be one of "law;" (2) it must be "controlling;" (3) there must be substantial ground for "difference of opinion" about it; and (4) an immediate appeal must "materially advance the ultimate termination of the litigation." *Id.* (citing *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 445 (6th Cir. 1974)).

We have considered these factors and the request of both parties in their letter briefs submitted after oral argument to proceed so that this matter can be concluded as expeditiously and inexpensively as possible, and grant leave to appeal in this case. Accordingly, we will consider the merits of Appellant's argument.

### III. FACTS

The parties do not dispute the facts of this case. The Debtor[1] filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 1, 2010. Prior to the expiration of the 120-day deadline to assume or reject nonresidential real property leases provided for under 11 U.S.C. § 365, the Debtor obtained a 90-day extension of time to assume or reject leases, making August 30, 2010, the deadline to assume or reject nonresidential real property leases.

On August 13, 2010, the Debtor filed a second motion for an extension of time to assume or reject nonresidential real property leases. Included in that second motion was a request to extend the deadline with respect to a lease between Debtor Pasta Isles, Inc. and CP Venture Two, LLC for the Debtor's restaurant at the Greenbrier Market Center in Chesapeake, Virginia ("the Greenbrier Lease").

---

[1] There are three debtor entities, Treasure Isles HC, Inc., Treasure Isles, Inc., and Pasta Isles, Inc. Their cases have been consolidated for purposes of administration.

On August 26, 2010, Appellant as agent for the lessor filed an objection to the extension of time to assume or reject the Greenbrier Lease. Since the lessor would not voluntarily agree to the extension of the Greenbrier Lease and the Bankruptcy Code does not allow a second extension without the consent of the lessor, the Debtor removed the Greenbrier Lease from the list of leases for which it requested an extension.

Simultaneously with the Debtor's removal of the Greenbrier Lease from the document requesting the extension of time, the Debtor filed a motion to assume the Greenbrier Lease. That motion was filed on August 27, 2010, three days prior to the deadline to assume or reject leases. A hearing was set on the motion to assume the Greenbrier Lease for September 17, 2010.

On August 30, 2010, the Court entered an order, tendered by the Debtor, expressly extending Debtor Pasta Isles' time to assume or reject the Greenbrier Lease to September 17, 2010 (the "Bridge Order"), the date of the hearing on the Debtor's motion to assume the Greenbrier Lease.

On September 9, 2010, Appellant filed an objection to the assumption of the Greenbrier Lease, raising several substantive grounds for denial, and on September 13, 2010, Appellant filed an emergency motion under Federal Rule of Bankruptcy Procedure 9023 asserting that the Bridge Order improperly extended the deadline for the Debtor to assume or reject the Greenbrier Lease past the date mandated by proper application of 11 U.S.C. § 365(d)(4).

On September 22, 2010, the bankruptcy court entered the Appealed Order, denying Appellant's emergency motion and upholding the Bridge Order because it found that the Debtor had met the August 30, 2010 deadline to assume the Greenbrier Lease by filing its motion to assume the lease on August 27, 2010. In so concluding, the bankruptcy court looked to the language of 11 U.S.C. § 365(d)(4) and both pre and post-BAPCPA cases to draw a distinction between motions to extend the time to assume or reject and motions to assume. In the case of the former, the court order granting the same must be entered before the deadline but in the case of the latter, only the motion to assume need be filed prior to the deadline.

5

## IV. DISCUSSION

The substantive issue presented here boils down to this: What constitutes assumption of a lease by a trustee for purposes of meeting the applicable deadline under 11 U.S.C. § 365(d)(4)? Was the August 30, 2010 deadline for assuming the Greenbrier Lease satisfied by the Debtor filing its August 27, 2010 motion to assume the Greenbrier Lease? Appellant asserts that, post-BAPCPA, not only must a trustee file its motion to assume a nonresidential lease prior to the deadline, the bankruptcy court must have granted the motion by the deadline for the lease not to be deemed rejected by operation of 11 U.S.C. § 365(d)(4). Appellee asserts that, as consistently interpreted before BAPCPA, 11 U.S.C. § 365(d)(4) only requires that a trustee file its motion to assume before the deadline.

Appellee is correct that almost every pre-BAPCPA case addressing this issue holds that a trustee need only file its motion to assume the lease prior to the deadline under 11 U.S.C. § 365(d)(4) and does not have to obtain court approval of the same prior to the deadline to avoid having its executory contract deemed rejected.[2] *See, e.g., In re Victoria Station Inc.*, 840 F.2d at 684; *In re Delta Paper Co., Inc.*, 74 B.R. 58 (Bankr. E.D. Tenn. 1987); *By-Rite Distrib., Inc. v. Brierley (In re By-Rite Distrib., Inc.)*, 55 B.R. 740 (D. Utah 1985).

Furthermore, and despite Appellant's best efforts to distinguish them, post-BAPCPA cases addressing this issue continue to hold that a trustee "assumes" a nonresidential lease for purposes of meeting the applicable 11 U.S.C. § 365(d)(4) deadline simply by filing a motion to assume. *See, e.g., In re Akron Thermal, Ltd. P'ship*, 414 B.R. 193 (N.D. Ohio 2009); *In re Amerlink, Ltd.*, No. 09-01055-8-RDD, 2009 WL 2497776 (Bankr. E.D.N.C. Aug. 12, 2009); *In re R. Ring Enter., Inc.*, No. 08-44903 EDJ, 2009 WL 779800 (Bankr. N.D. Cal. Feb. 19, 2009). In essence, those cases hold

---

[2]Indeed, as noted in *In re The Casual Male Corp.*, 120 B.R. 256, 260 n.3 (Bankr. D. Mass. 1990), the only cases holding otherwise, including the only case directly on point cited by Appellant, *In re House of Deals of Broward, Inc.*, 67 B.R. 23 (Bankr. E.D.N.Y. 1986), had either been reversed or overruled by the date of that opinion.

6

that BAPCPA did not change the substantive language of 11 U.S.C. § 365(d)(4)(A) or 11 U.S.C. § 365(a) directing the trustee to assume or reject within the deadlines established by 11 U.S.C. § 365(d)(4)(A) and (B). BAPCPA simply set an outside limit on the amount of time by which a bankruptcy court can extend the trustee's original deadline to assume or reject.

Moreover, a comparison of the language of both versions of 11 U.S.C. § 365(d)(4) indicates that pre-BAPCPA case law should continue to be followed. Prior to BAPCPA, 11 U.S.C. § 365(d)(4) read as follows:

> Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, *if the trustee does not assume or reject* an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, *or within such additional time as the court, for cause, within such 60-day period, fixes*, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

(emphasis added).

Post-BAPCPA, 11 U.S.C. § 365(d)(4) now reads as follows:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, *if the trustee does not assume or reject* the unexpired lease by the earlier of–
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of entry of an order confirming a plan.
>
> (B)  (i) The court *may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.*

> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

(emphasis added). We note that both pre and post-BAPCPA versions of 11 U.S.C. § 365(d)(4) expressly require that a bankruptcy judge approve *extensions* of the time in which the trustee may assume or reject prior to the applicable deadline--the only real difference being that post-BAPCPA 11 U.S.C. § 365(d)(4) limits the extension to one 90-day period absent consent of the lessor. Both versions of 11 U.S.C. § 365(d)(4) expressly direct the trustee to do *exactly* the same thing – "assume or reject" the unexpired lease by the applicable deadline.

Finally, consideration of the stated legislative purpose of 11 U.S.C. § 365(d) supports the Appellee's position. As seen from the House and Senate Reports associated with the Reform Act of 1978, the Reform Act of 1994, and BAPCPA, Congress was concerned with balancing the interests of debtor lessees in having enough time to make "informed" decisions about leases against the interests of lessors in not "being left in doubt concerning their status vis-a-vis the estate." *See* H.R. Rep. No. 95-595, at 348 (1977); S. Rep. No. 95-989, at 59 (1978); H.R. Rep. No. 103-834, at 31 (1994); H.R. Rep. No. 109-31, at 404 (2005). The changes brought by BAPCPA, in particular, were designed to "remove the bankruptcy judge's discretion to grant extensions of the time for the retail debtor to *decide* whether to assume or reject a lease after a maximum possible period of 210 days from the time of entry of the order of relief." H.R. Rep. No. 109-31, at 404 (emphasis added).

In Congress's own words, the deadline provisions of 11 U.S.C. § 365(d)(4) are intended to set a "bright line" regarding how much time the trustee has to decide whether to assume or reject a lease. Congress does not specify the manner in which the trustee is to announce the decision, although case law consistently holds that the mere filing of a motion to assume is sufficient. If we were to adopt the Appellant's interpretation of 11 U.S.C. § 365(d)(4), such certainty would be destroyed. The period within which the trustee could consider assumption or rejection would vary widely, depending on the vagaries of a particular bankruptcy court's caseload and local procedures. Theoretically at least, a trustee could file a motion to assume a lease on the day the debtor filed its

bankruptcy petition and, because of events outside the trustee's control, still fail to obtain court approval of the motion before the deadline. Conversely, allowing trustees to signify their intentions merely by filing motions to assume clearly satisfies the goal of 11 U.S.C. § 365(d)(4) to let lessors know the trustees' intention with respect to their property within a reasonable, certain time frame.[3]

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the Appealed Order.

---

[3] Appellant appears to be concerned that trustees will file motions to assume in bad faith as a means of prolonging their use of property without really intending to assume the leases. We believe that existing safeguards such as Federal Rule of Bankruptcy Procedure 9011 and 11 U.S.C. § 105(a) are a better means of achieving the balance sought by Congress than a system that puts trustees at the mercy of varying court caseloads and local practices.